**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN N. OCKENFELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.  08-CV-321-PJC** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

This Court on August 21, 2009 entered an Order remanding Plaintiff's application for

social security disability benefits to the Social Security Administration for further proceedings,

and this Court entered a Judgment in Plaintiff's favor.  (Dkt. #19 and #20).  Plaintiff on October

6, 2009 timely filed an Application for the Award of Attorney's Fees (Dkt. #22) and an

Application for the Reimbursement of Expenses (Dkt. #23).  Plaintiff's Applications were made

pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)  ("EAJA").

In Plaintiff's Applications, Plaintiff's attorneys request EAJA fees of $4,993.20 and

$367.17 for filing fees and costs of service.  Defendant did not object to an award of attorney

fees under EAJA in the amount requested by Plaintiff's attorneys.  (Dkt. #24).  Defendant filed

an objection to the application for expenses, on the obscure ground that the application violated

General Order 2000-2, inasmuch as that order requires the statutory basis of each item sought to

be recovered as costs and verification of the application.  (Dkt. #25).  Plaintiff's attorneys then

filed a Motion to Supplement the previous application for attorney fees, seeking an additional

$84.50 for the fees related to litigating the EAJA fee.  (Dkt. #27).  Defendant objected to the

supplemental amount.  (Dkt. #28).

The Court finds that Defendant's objection to the application for costs is an extreme example of form over substance.  While the Court expects all orders and local rules, including General Rule 2000-2, to be complied with by all attorneys practicing before the Court, the costs sought were not in the least controversial, consisting of the court filing fees and the costs of service.  The attorneys for Plaintiff attached the receipts for these costs, and there does not appear to be any substantive grounds for Defendant's objection.  Again, the Court does not encourage any attorneys practicing before it to disregard the form required of pleadings and filings, but here there was no harm caused by the initial lack of verification of the costs, which Plaintiff's attorneys corrected once they were aware of Defendant's objection.  The Court urges Defendant, in the future, to contact opposing attorneys when there are objections regarding forms of pleadings, to give the opposing attorneys the opportunity to correct any deficiencies, before filing a formal objection before the Court.  Doing so will assist the Court in its goal "to secure the just, speedy, and inexpensive determination" of all proceedings.  Fed. R. Civ. P. 1.

Accordingly, Plaintiff's Applications (Dkt. #22 and #23) are hereby **GRANTED.** Further, Plaintiff's Motion to Supplement (Dkt. #27) is **GRANTED.**  Plaintiff is awarded attorneys' fees in the amount of $5,077.70 and costs in the amount of $367.17.   If Plaintiff's attorneys ultimately receive attorney fees pursuant to 42 U.S.C. 406(b), they must refund the smaller of the EAJA or the Section 406(b) award to Plaintiff.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

2

**IT IS SO ORDERED** this 22nd day of January 2010.

Paul J. Cleary
United States Magistrate Judge