IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN H. OCKENFELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-321-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**NOW** before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. #29) filed by Plaintiff's Attorney.  The Motion (Dkt. #29) is **GRANTED** as provided herein.

Counsel seek approval of an attorney fee award of $20,000.00 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel.  Counsel have certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that he does not object to an additional fee award. (Dkt. #30).  Plaintiff appealed the administrative denial of his application for Social Security benefits to this Court.  By Order of this Court, the administrative denial of Plaintiff's application for benefits was reversed and remanded to the Commissioner for further administrative proceedings. (Dkt. #19 and #20).  The Court granted Plaintiff's application for an award of $5,077.70 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. (Dkt. #32).  The EAJA award was paid by the Social Security Administration (the "SSA"), at no cost to Plaintiff.

Attached to the Motion is a Notice of Award to Plaintiff from the SSA dated December 14, 2009, indicating that past-due benefits to Plaintiff from November 2003 through November 2009

were $77,530.00, with an additional amount of $25,843.35 withheld for attorney fees. (Dkt. #29-3). Counsel are seeking an attorney fee pursuant to their Motion of $20,000.00. The Commissioner declines to assert a position on Plaintiff's Motion, noting that he is not the true party in interest, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant's Response. (Dkt. #31).

When a claimant appeals to court and is successful, the attorney representing the claimant can be awarded fees for work before the court, up to 25% of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that they are reasonable in a particular case. *Gisbrecht,* 535 U.S. at 807-08.

The undersigned concludes that a fee award of $20,000.00 is reasonable. That amount is consistent with the contract between counsel and Plaintiff and is within the statutory limits of Section 406(b). Plaintiff's attorneys spent 27.9 hours of attorney time and 2.4 hours of paralegal time on the work before this Court, and, using the attorney time only, the requested fee award yields an hourly rate of approximately $717. While this amount is high, it is not a windfall that should be reduced by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce, but that is because contingency fee contracts have the risk that there will be no fee recovery, and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the amount of the EAJA fee award, $5,077.70, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $14,922.30, for an hourly rate of approximately $535.

The Court finds no issues of timeliness in the present case, but has previously addressed the procedures of this District regarding timing of Section 406(b) fee applications in *Plogger v. Astrue*, 2009 WL 2913442 (N.D. Okla.). As made clear in *Plogger*,[1] the procedure in this District is that counsel should file a motion pursuant to Rule 60(b)(6) promptly after a favorable decision has been issued by the Social Security Administration stating that the claimant will receive past-due benefits. In that motion, counsel should advise the court if there are circumstances that affect the calculation of Section 406(b) fees, and the lack of receipt of the notice of award that gives the exact calculation of the past-due benefits would be one such circumstance.

Counsel in the present case did not file a separate motion pursuant to Rule 60(b)(6), although the Motion did refer to Rule 60(b)(6), and the Court will not require a separate filing in this instance. Counsel did not provide the Court with a copy of the favorable decision of the Social Security Administration in the present case, but the facts allow the Court to conclude that the Section 406(b) Motion was timely filed. The case was only remanded by this Court on August 21, 2009, so the favorable decision necessarily was issued after that time. The Notice of Award was dated December 14, 2009, and the Motion was filed December 22, 2009. In these circumstances, the Motion was timely. The procedures outlined in *Plogger* should be followed for future applications for fees pursuant to Section 406(b).

Plaintiff's Motion (Dkt. #29) is hereby GRANTED as follows. The Court finds $20,000.00 is a reasonable attorney fee and is hereby awarded to Plaintiff's attorneys. Upon receipt of payment,

---

[1] Counsel cite to *Bossard v. Astrue*, 612 F. Supp. 2d 1198, 1199 (N.D. Okla. 2009), but *Plogger* expressly stated that *Bossard*'s language regarding timeliness should be disregarded because later decisions stated the manner in which this District was implementing the language of *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). Counsel should discontinue citing to *Bossard* as authority in this District.

counsel are required to refund to Plaintiff the smaller of the Section 406(b) fees or the EAJA fees pursuant to *Weakley*.

    SO ORDERED this 2nd day of April, 2010.

_____
Paul J. Cleary
United States Magistrate Judge